**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| **STEVEN ELLIS,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **Plaintiff,** | ) | **1:24-cv-12695-NMG** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RELIANCE STANDARD LIFE** | ) | |
| **INSURANCE COMPANY, MATRIX** | ) | |
| **ABSENCE MANAGEMENT, BOSTON** | ) | |
| **UNIVERSITY, AND THE BOSTON** | ) | |
| **UNIVERSITY LONG TERM** | ) | |
| **DISABILITY PLAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Answering Defendants Reliance Standard Life Insurance Company ("Reliance Standard"), Matrix Absence Management, Inc. (incorrectly identified as "Matrix Absence Management" and hereafter referred to as "Matrix"), Trustees of Boston University (incorrectly referred to as "Boston University" in the Complaint), and the Boston University Long Term Disability Plan (the "Plan"), by and through its attorneys, hereby answer Plaintiff's Complaint and assert affirmative defenses as follows:

1.      Admitted in part and denied in part. Answering Defendants deny Plaintiff's characterization of them collectively as "Defendants". It is also denied that Defendants violated ERISA, that Plaintiff is currently a Plan participant, that the Plan is insured by BU as it is not an insurer, and it is denied as stated that the Plan is administered by Reliance Standard and Matrix. By way of further response, claims under the Plan are administered by Matrix only. The remaining averments are admitted.

2.      Admitted in part and denied in part. It is admitted only that Plaintiff filed this action seeking LTD benefits. Each and every remaining averment is denied. It is especially denied that any benefits are due to Plaintiff and it is denied that Plaintiff is entitled to any of the relief sought.

3.      Denied.

4.      Admitted in part and denied in part. It is admitted only that this Court has jurisdiction under ERISA over actions to recover benefits due under the terms of the Plan. It is denied that any benefits are due to Plaintiff and it is denied that Plaintiff is an employee of BU.

5.      Admitted.

6.      Admitted.

7.      Admitted in part and denied in part. It is denied that many of the events and occurrences relevant to this matter occurred within this District. The remaining averments are admitted.

8.      Admitted in part and denied in part. It is denied that Plaintiff is a participant in the LTD Plan. The remaining averments are admitted.

9.      Admitted in part and denied in part. It is denied that Reliance Standard administers the Plan under which Plaintiff is suing. The remaining averments are admitted.

10.      Admitted in part and denied in part. It is denied that Matrix's principal place of business is in Philadelphia and it is denied that Matrix is not referenced in Trust or Plan documents. The remaining averments are admitted.

11.      Admitted in part and denied in part. It is denied as stated that Boston University insures benefits under the Plan as it is not an insurer. The remaining averments are admitted.

12.      No answer is required to this paragraph as it states conclusions of law. To the extent and response is required, it is denied that Reliance Standard purported to act as an ERISA fiduciary

2

with respect to the Plan and participants of the Plan, including Plaintiff.

13.    Admitted.

14.    Denied.

15.    Denied. By way of further response, it is admitted only that in 2021, Matrix began to administer claims under the Plan.

16.    Denied as stated. It is especially denied that Reliance Standard was responsible for determining Plan participant's eligibility for benefits.

17.    Admitted in part and denied in part. It is admitted only that Boston University is responsible for paying benefit to Plan participants who are eligible for such benefits. The remaining averments are denied as stated. It is especially denied that Reliance Standard makes any decisions or recommendations on eligibility for benefits.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Admitted in part and denied in part. It is admitted that Reliance Standard does not have any administrative processes and safeguards in place to ensure and verify appropriately consistent decision making as said Defendant had no involvement whatsoever with the decision making on this claim. The averments in this paragraph are denied as to the other Defendants.

22.    Admitted in part and denied in part. It is admitted that the Plan does not confer discretion in Reliance Standard. The averments in this paragraph are denied as to the other Defendants.

23.    Denied.

24.    Denied.

3

25.     Denied as stated.

26.     Denied. By way of further response, it is especially denied that Reliance Standard made any claim decision.

27.     Admitted in part and denied in part. To the extent the averments in this paragraph are directed to Reliance Standard, they are denied as Reliance Standard did not make any claim decisions and did not receive any fees from Boston University. To the extend the averments in this paragraph are directed to Matrix, it is admitted only that Matrix receives a fee by Boston University for each appeal it considers. The remaining averments are denied as stated.

28,1-12. Denied.

29.     No answer is required to this paragraph as it states legal conclusions. To the extent the averments are directed at Reliance Standard, it is denied that it is a fiduciary of the Plan. To the extent a response is required from the other Defendants, the averments are denied.

30.     Admitted in part and denied in part. It is admitted that Plaintiff stopped working on August 26, 2017. The remaining averments are denied as stated.

31.     Admitted in part and denied in part. It is denied that Boston University initially denied Plaintiff's claim for LTD benefits. The remaining averments are admitted.

32.     Admitted in part and denied in part. It is admitted that following an appeal of Liberty's decision to deny benefits, Liberty overturned the denial and commenced payment of benefits on December 27, 2018. The remaining averments are denied.

33.     Denied as stated.

34.     Admitted in part and denied in part. It is denied that "Defendants" approved Plaintiff's Any Occupation claim. The remaining averments are denied as stated.

35.     Admitted.

36.    Admitted.

37.    Admitted.

38.    No answer is required to this paragraph as it states legal conclusions.

39.    Denied.

40.    To the extent the averments in this paragraph are directed to Reliance Standard, they are denied. To the extent they are directed to Matrix, the averments are admitted.

41.    To the extent the averments in this paragraph are directed to Reliance Standard, they are denied. To the extent they are directed to Matrix, the averments are denied as stated.

42.    Admitted in part and denied in part. It is admitted only that a registered nurse, Coni Stephenson, conducted a review of the medical records. The remaining averments are denied.

43.    Admitted in part and denied in part. It is admitted only that on October 24, 2022, Matrix terminated Plaintiff's LTD benefits. The remaining averments are denied. By way of further response, Reliance Standard did not make any claim decision.

44.    Denied. The remaining averments are denied. By way of further response, Reliance Standard did not make any claim decision.

45.    Denied. The remaining averments are denied. By way of further response, Reliance Standard did not make any claim decision.

46.    Admitted in part and denied in part. It is admitted that Boston University approved of Matrix's decision to terminate benefits. The remaining averments are denied. By way of further response, Reliance Standard did not make any claim decision.

47.    Denied as stated.

48.    Denied as stated.

49.    Admitted in part and denied in part. It is admitted only that with his appeal, Plaintiff

submitted medical records from treatment providers, a purported "independent" medical evaluation, a purported "independent" vocational evaluation and an affidavit from Mr. Ellis. It is denied that Plaintiff provided proof that the denial of benefits was made in error. It is further denied that Reliance Standard made any claim decision.

50.    Admitted in part and denied in part. It is admitted only that Matrix asked Dr. James Pearce to review Plaintiff's records. The remaining averments are denied.

51.    Denied.

52.    Admitted.

53.    Admitted.

54.    Admitted in part and denied in part. It is admitted only that on October 10, 2023, Plaintiff responded to Dr. Pearce's review addendum. The remaining averments are denied.

55.    Admitted in part and denied in part. It is denied that Reliance Standard upheld the termination of benefits. The averments are admitted as to the remaining Defendants.

56.    Admitted in part and denied in part. It is denied that Reliance Standard made the decision to terminate LTD benefits. The averments are admitted as to the remaining Defendants.

57.    Admitted in part and denied in part. It is admitted that Matrix charged $370 to process the appeal. The remaining averments are denied.

58.    Admitted in part and denied in part. It is admitted only that Matrix retained Dr. Mostafa Farache to review Plaintiff's records. The averments are denied as to the remaining Defendants.

59.    Denied.

60.    Denied.

61.    Admitted.

6

62. Admitted in part and denied in part. It is admitted only that on August 9, 2024, Dr. Farache provided an addendum to his July 3, 2024 review. The remaining averments are denied as stated as the referenced report is a document, the contents of which speak for themselves and Plaintiff has not quoted from it.

63. Admitted in part and denied in part. It is admitted only that on August 27, 2024, Plaintiff responded to Dr. Farache's updated review. The remaining averments are denied as stated as the referenced response is a document, the contents of which speak for themselves and Plaintiff has not quoted from it.

64. Admitted in part and denied in part. It is denied that "Defendants" made the referenced decision upholding the termination of benefits. It is admitted only that on September 4, 2024, the denial of benefits was upheld. The remaining averments in this paragraph are denied as stated.

65. Denied.

66. No answer is required to this paragraph as it states legal conclusions.

67. Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

68. Denied.

69. No answer is required to this paragraph as it states legal conclusions.

70. Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

71. Denied as stated.

72. Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

73.     Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

74.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

75.     Admitted.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

80.     Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

81.     Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

82.     Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

83.     Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

84.     Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

85.     No answer is required to the case referenced in this paragraph as it states legal conclusions. The remaining averments are denied.

86.     Admitted in part and denied in part. It is admitted that Matrix and the Plan are

permitted to defer to the opinions of their reviewing physicians. The remaining averments are denied.

87. Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

88. Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

89. Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

90. Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

91. Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

92. Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

93. Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

94. Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

95. Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

96. Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits. It is further denied that objective evidence supported Plaintiff's claim.

97. Denied. By way of further response, it is denied that Reliance Standard denied the

claim for benefits.

98.     Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

99.     Denied as no such documents exist.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

## FIRST CAUSE OF ACTION

108.    Defendants incorporate by references their responses to each of the paragraphs of the Complaint as though the responses were set forth here in full.

109.    Admitted.

110.    Denied.

111.    Admitted.

112.    Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

113.    Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

114.    Denied.

115.    Denied as stated.

116.    Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

117.    Denied.

118.    Denied.

## SECOND CAUSE OF ACTION

119.    Denied.

120.    Admitted.

121.    Admitted in part and denied in part. It is admitted that Boston University is a fiduciary under ERISA. The remaining averments are legal conclusions to which no response is required.

122.    Denied.

123.    Denied.

124.    No answer is required to this paragraph as it states legal conclusions. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

125.    Admitted in part and denied in part. It is admitted that Matrix acted under authority delegated to it by Boston University. The remaining averments are denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

126.    Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

127.    Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

128.    Denied. By way of further response, it is denied that Reliance Standard denied the

11

claim for benefits.

129.    Denied as legal conclusions.

130.    Denied. By way of further response, it is denied that Reliance Standard denied the claim for benefits.

131.    Denied.

132.    Denied.

### THIRD CAUSE OF ACTION

133.    Defendants incorporate by references their responses to each of the paragraphs of the Complaint as though the responses were set forth here in full.

134.    Denied.

135.    Admitted. By way of further response, Plaintiff is not entitled to such an award.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

WHEREFORE, it is denied that Plaintiff is entitled to any of the relief identified in paragraphs 1 through 7 of Plaintiff's Prayer for Relief and Defendants request that the Court enter judgment in their favor on all claims.

### AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim against Defendants.

2.    Plaintiff's claims for emotional and financial distress are preempted by ERISA.

12

3.    Reliance Standard is not a proper party to this lawsuit.

4.    Reliance Standard did not deny the claim for benefits.

5.    Reliance Standards is not a fiduciary of the Plan.

6.    Plaintiff is no longer a Plan participant.

7.    No additional long term disability benefits are owed to Plaintiff.

8.    At the time benefits ended, Plaintiff was no longer Disabled.

9.    Plaintiff failed to sustain his burden of proving a Disability at the time benefits ended.

10.    Plaintiff is not Disabled from Any Occupation.

11.    Plaintiff failed to provide proof of a disability satisfactory to the proper Defendants.

12.    Plaintiff's benefits ceased at the time benefits ended pursuant to the Discontinuation of the Long Term Disability Benefit provision in the Plan.

13.    Plaintiff failed to provide Proof of a continued Disability in accordance with the Plan terms.

14.    Plaintiff failed to provide Objective Medical Evidence of the claimed Disability at the time benefits ended.

15.    Plaintiff received a full and fair review.

16.    To the extent Defendants owed a fiduciary duty to Plaintiff, the duty was not breached.

17.    The denial of benefits was not wrong.

18.    The denial of benefits was not arbitrary and capricious.

19.    The denial of benefits was not due to any conflict of interest.

WHEREFORE, Defendants deny any and all liability to Plaintiff and request that the Court enter judgment in their favor on all claims.

Dated: January 17, 2025

Respectfully submitted,


*/s/ Hannah Styron Symonds*
Hannah Styron Symonds
BBO #: 624863
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
260 Franklin Street – 14th Floor
Boston, MA 02110-3112
M: (919) 349-9258
T: (984) 268-2106
F: (984) 268-2120
hannah.symonds@wilsonelsercom
**Counsel for Defendants**

14

## CERTIFICATE OF SERVICE

I, Hannah Styron Symonds, hereby certify under penalty of perjury that on this 17th day of January 2025, the foregoing was filed electronically with the United States District Court for the District of Massachusetts through the ECF system. The document will be sent electronically to the following registered participants:

Ms. Mala M. Rafik
BBO # 638075
ROSENFELD & RAFIK, P.C.
184 High Street, Suite 503
Boston, MA 02110
Telephone: (617) 604-1160
Facsimile: (617) 227-2843
Email: mmr@rosenfeld.com

*/s/Hannah Styron Symonds*
Hannah Styron Symonds

15